# EXHIBIT 1

| From: | SOPDelivery@wolterskluwer.com |
|---|---|
| To: | AcistLegal |
| Subject: | C T received Process (Log # 542743063) in Minnesota for ACIST Medical Systems, Inc., DE |
| Date: | Monday, November 28, 2022 1:33:35 PM |

### EXTERNAL SENDER - Be CAUTIOUS!



CT Logo

# CT Corporation
# Service of Process Notification

11/28/2022
CT Log Number 542743063

## Service of Process Transmittal Summary

Click Here to access this service of process on the CT SOP Hub.

**TO:** Holly Huber
ACIST MEDICAL SYSTEMS, INC.
7905 FULLER RD
EDEN PRAIRIE, MN, 55344-2137

**RE:** Process Served in Minnesota

**FOR:** ACIST Medical Systems, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| TITLE OF ACTION: | Re: ANDREW GRAVES // To: ACIST Medical Systems, Inc. |
|---|---|
| CASE #: | 2022CV385 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination |
| PROCESS SERVED ON: | CT Corporation System, Inc, Saint Paul, MN |
| DATE/METHOD OF SERVICE: | By Traceable Mail on 11/28/2022 |
| JURISDICTION SERVED: | Minnesota |
| ACTION ITEMS: | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780128317289<br>Image SOP<br>Email Notification, Holly Huber holly.huber@bracco.com<br>Email Notification, MATTHEW ROBINSON acistlegal@acistmedical.com |
| REGISTERED AGENT CONTACT: | CT Corporation System, Inc<br>1010 Dale Street N<br>Saint Paul, MN, 55117<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

Click Here to access this service of process on the CT SOP Hub.
Click Here to access this service of process at CTAdvantage, where you will be automatically routed to the CT SOP Hub.

Or copy and paste the following URL into your web browser.
https://sop.ctadvantage.com/sophub/App/index.aspx#/search/BasicSearch/1/542743063

The information contained in this notification is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary.CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.




FILED
AT 3:00 O'CLOCK P M
NOV 16 2022
Kay Armstrong
CLERK & MASTER

# IN THE CHANCERY COURT FOR THE THIRD JUDICIAL DISTRICT OF THE STATE OF TENNESSEE SITTING AT GREENEVILLE

**ANDREW GRAVES,**
        **Plaintiff**

**vs.**                             Civil Action No. 2022-CV-385

**ACIST MEDICAL SYSTEMS, INC.,**
        **Defendant**

## COMPLAINT

AND NOW, comes Plaintiff, Andrew Graves, and files this Complaint for wrongful termination in violation of T.C.A. Title 14 (COVID-19) and its subparts, and in support thereof, state as follows:

1. Plaintiff, Andrew Graves, is citizen and resident of Sumner County, Tennessee, currently residing at 153 Akers Trail, Gallatin, Tennessee 37066.

2. Defendant, ACIST Medical Systems, Inc. (hereinafter known as ACIST), is a corporation which was registered in the State of Minnesota, but has employees all over the country, including Tennessee. Defendant's Registered Agent CT Corporation System, Inc. may be served with process at 1010 Dale Street North, Saint Paul, Minnesota 55117.

3. Mr. Graves was an employee of ACIST representing the company throughout the State of Tennessee (as well as other states) for 16 years with no employment issues. In fact, Mr. Graves was one of the top salesmen for ACIST each year and had an outstanding performance record.

4. Mr. Graves' sales territory extended to two nearby medical facilities, to wit: Greeneville Community Hospital East (formerly Laughlin Memorial Hospital) and Greeneville Community Hospital West (formerly Takoma Adventist Hospital), and his

1

sales performance relied upon his ability to continue to do business with local businesses.

5. However, in September 2021, ACIST implemented a COVID-19 vaccination policy for U.S. based personnel requiring vaccination against COVID-19 for those whose work required their presence in settings involving direct interaction with co-workers, guests, customers, vendors or business travel. ACIST's policy included a process through which employees could seek a religious accommodation on the basis of a sincerely held religious belief. A copy of ACIST's COVID-19 Vaccination Policy of U.S. based Personnel is attached hereto as *"Exhibit A."*

6. On October 7, 2021, Mr. Graves submitted his Religious Accommodation Request Form to ACIST. A copy is attached hereto as *"Exhibit B."*

7. Thereafter, on November 5, 2021, Mr. Graves met with Shannon Thorsell, Senior Human Resources Manager for ACIST, and was advised that the accommodation committee denied his request for religious accommodation and that he would be placed on leave of absence from November 15 thru November 19, 2021, then effectively terminated from his employment on November 22, 2021 unless he consented to receiving the vaccination prior to his termination date. Curiously, even though religious accommodation was not granted, ACIST states in Mr. Graves' termination letter that they concluded that Mr. Graves does have a "sincerely held religious belief." A copy of the termination letter is attached hereto as *"Exhibit C."*

8. In light of Mr. Graves' excellent employment history with ACIST, it appears that the sole basis for ACIST's termination of Mr. Graves was due to his refusal to receive the COVID-19 vaccination; however, this is not a permissible reason for the termination

2

of employment pursuant to the following statutes, with <u>underlining</u> and **bold type** being added for emphasis:

    **(A)**     **Tennessee Code Annotated § 14-2-102. COVID-19 vaccine status.**
(a) A ***<u>private business,</u>*** governmental entity, school, or local education agency ***<u>shall not compel or otherwise take an adverse action</u>*** against a person to compel the person to provide proof of vaccination if the person objects to receiving a COVID-19 vaccine for any reason.

    **(B)**     **Tennessee Code Annotated § 14-1-101. Definitions.**
As used in this title, unless the context otherwise requires:
(1) ***<u>"Adverse action"</u>*** means to:
    (A) Discriminate against a person by denying the person employment, privileges, credit, insurance, access, products, services, or other benefits; or
    (B) ***<u>Discharge</u>***, threaten, or otherwise discriminate against an employee in any manner that affects the employee's employment, including compensation, terms, conditions, locations, rights, immunities, promotions, or privileges;

    **(C)**     **Tennessee Code Annotated § 14-6-103. Remedies.**
A person injured as a result of a violation of chapter 2 of this title or § 14-4-103 is entitled to maintain a ***<u>private right of action</u>*** for injunctive relief and to ***<u>recover compensatory damages and reasonable attorneys' fees</u>*** against an alleged violator.

9. In addition to being wrongfully terminated, Mr. Graves' termination came just eight days prior to the completion of his time to qualify for his commissions and incentives which would be valued at several hundred thousand dollars.

10. Further, due to the *Non-Compete Agreement* Mr. Graves was required to sign in January 2005, Mr. Graves is not able to retain new employment in the same field while doing this same type of work, and this has resulted in Mr. Graves suffering significant financial loss due to the malicious, unlawful, wrongful termination by ACIST. A copy of the Non-Compete Agreement is attached hereto as ***"Exhibit D."***

3

**WHEREFORE**, Plaintiff Andrew Graves hereby demands compensation from Defendant ACIST Medical Systems, Inc. to Plaintiff Andrew Graves for wrongful termination, lost commissions and incentives resulting from his wrongful termination, and compensation for his lost earnings related to his inability to seek similar employment, plus costs, fees, attorney fees, pre-judgment interest, and post-judgment interest, all as allowed by law.

**ANDREW GRAVES**

By: *Jeffrey A Cobble*
Jeffrey A. Cobble, BPR #018594
Attorney for Plaintiff
COBBLE LAW FRIM
1315 E. Andrew Johnson Hwy., Suite #5
Greeneville, TN 37745
(423) 639-6684

4

## SWORN VERIFICATION

I, ANDREW GRAVES, have read the foregoing Complaint, and do hereby swear, verify, and affirm that, to the best of my knowledge, information, and belief, the facts and allegations stated therein are true.

*Andrew Graves*

**STATE OF TENNESSEE** :

: ss

**COUNTY OF SUMNER** :

On this 8th day of November, 2022, before me personally appeared ANDREW GRAVES known to me or proven to be the person described in the foregoing instrument, and did swear and make oath that the facts contained herein are true and accurate to the best of his knowledge, information, and belief.

*Mindy M Tolbert*

Notary Public
My commission expires: 5/19/26

## COST BOND

We, the undersigned, hereby acknowledge ourselves as principal and surety for the costs incident to this cause, surety not to exceed $500.

*Andrew Graves*, Principal

*Jeffrey A. Cobble*, Surety